UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                              No. 1:23-cr-39

v.                                          Hon. Robert J. Jonker
                                              United States District Judge

CARLOS VANCE WATTS, JR.,

    Defendant.

_____/

**GOVERNMENT'S SENTENCING MEMORANDUM**

The government agrees with the calculations and recommendations in the presentence report. Defendant objects to one aspect of the guideline calculations; he argues that despite maintaining his innocence he should be awarded a two-level reduction for acceptance of responsibility. For the reasons set forth below, that objection should be overruled.

**Background**

In 2013, Defendant was convicted of conspiracy to possess with intent to distribute and distribution of cocaine base and possessing a firearm in furtherance of drug trafficking. (R.59, PSR, at ¶46.) At sentencing, this court imposed a 156-month term of incarceration in the Bureau of Prisons. (*Id*.) Near the end of his custodial term, Defendant was transferred to the Kalamazoo Probation Enhancement Program, (KPEP) to serve the remaining term of incarceration at this halfway house. (*Id*. at ¶8.) On December 12, 2023, Defendant took a pair of scissors from a desk at KPEP, which he used to cut off his ankle monitor. (*Id*. at ¶12.) He took all of his

personal property and escaped KPEP through an emergency door, without permission. (*Id.*) On December 14, 2022, police learned that Defendant was at a house in Battle Creek and attempted to arrest him. Defendant barricaded himself in the house for approximately two hours before eventually surrendering to police. (*Id.* at ¶14.)

On March 28, 2023, a federal grand jury charged Defendant with felony escape in a single-count Indictment. (R.1, Indictment, PageID.1-2.) On July 3, 2023, at 11:00 a.m. the government and defense appeared in court, as scheduled, for a final pretrial conference ("FPTC"). After a few meetings with his attorneys, Defendant eventually informed this Court that he would like to plead guilty to the Indictment. (R.45, Hr'g Trans., PageID.205.) This Court held a change of plea hearing that same day. (*Id.* at PageID.205-30.) This Court accepted Defendant's guilty plea to the charge of felony escape and adjudicated him guilty. (*Id.* at PageID.227.)

Defendant filed a motion to withdraw his plea followed 52 days later, on August 24, 2023. (R.48, Motion, PageID.245-50.) This Court subsequently held a hearing on Defendant's motion, which it denied. (R.53, Order, PageID.267.)

Defendant continues to maintain his innocence, asserting to the presentence investigation report drafter that "he is not guilty of the offense to which he plead guilty." (R.59, PSR, at ¶20.) Accordingly, U.S. Probation does not recommend a two-level reduction for acceptance of responsibility. (*Id.*at ¶29.)

A. *Defendant Should Not Be Afforded a Reduction for Acceptance of Responsibility*

Section 3E1.1 provides for an offense level reduction of up to three points for a defendant's acceptance of responsibility. The offense level can be reduced by two levels if the defendant clearly demonstrated acceptance of responsibility for his offense. *See* U.S.S.G. § 3E1.1(a). An additional one-level decrease is available by motion of the government. *United States v. Collins*, 683 F.3d 697, 704 (6th Cir. 2012). The offense level can be reduced this additional point when the defendant also has assisted authorities in the investigation or prosecution by wither timely providing complete information to the government about his criminal conduct or timely notifying the interested parties of his intention to enter a plea of guilty, "thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently." U.S.S.G. § 3E1.1(b).

Whether a defendant has accepted responsibility for a crime is a factual question. *United States v. Rodriguez*, 797 Fed. App'x 933, 939 (6th Cir. 2019). A sentencing court may refuse to apply the credit for "conduct of the defendant that is inconsistent with [an] acceptance of responsibility." U.S.S.G. § 3E1.1 cmt. n.3. A defendant who "falsely denies, or frivolously contests, relevant conduct that the court determines to be true" acts "inconsistent[ly] with acceptance of responsibility." *Id.* § 3E1.1 cmt. n.1(A); *see also United States v. Cook*, 607 Fed. App'x 497, 500–01 (6th Cir. 2015). A defendant's attempt to minimize relevant conduct is also inconsistent with acceptance of responsibility. *See United States v. Wolfe*, 71 F.3d 611, 616 (6th Cir. 1995) (rejecting acceptance credit where the district court properly found that

the defendant "attempted to mischaracterize" or "spin" his conduct and "minimize his responsibility" even after admitting to that conduct). The defendant has the burden of demonstrating by a preponderance of the evidence that a reduction for acceptance of responsibility is warranted. *United States v. Benjamin*, 138 F.3d 1069, 1075 (6th Cir. 1998) (citing *United States v. Williams*, 940 F.2d 176, 181 (6th Cir. 1991)).

Defendant cannot meet his burden to prove that a two-level reduction is warranted. Although Defendant pleaded guilty to the offense, he almost immediately moved to withdraw that plea. Despite this Court overruling that motion, Defendant maintained his innocence during the presentence report investigation. Since entering a plea of guilt, Defendant's conduct has been inconsistent with an acceptance of responsibility. A reduction for such acceptance is therefore not warranted.

Moreover, Defendant has continued to minimize his responsibility for escaping KPEP and mischaracterize his conduct. Defendant has repeatedly erroneously argued that his escape was justified by duress, resulting from alleged threats from TK. (R.61, Def. Sent. Memo, PageID.366.) As a threshold issue, this duress argument is meritless because Defendant had alternative legal options other than escape if he did feel threatened by TK. Moreover, hours before his escape, Defendant was involved in the murder and disappearance of TK's sister. Defendant's escape from KPEP was not done to avoid a harm from TK, but to avoid the ensuing police investigation. Defendant was escaping criminal liability for murder, not avoiding perceived threats against him from his victim's brother.

Defendant has plainly not accepted responsibility for his escape from KPEP. And to the extent that he has admitted criminal conduct, Defendant has continuously

4

and erroneously tried to minimize his culpability. Accordingly, Defendant should not be awarded a two-level reduction for acceptance of responsibility.

## Conclusion

For all the reasons set forth above, Defendant's objection should be overruled.

                Respectfully submitted,

                MARK A. TOTTEN
                United States Attorney

Dated: January 8, 2024        */s/ Erin K. Lane*
                ERIN K. LANE
                Assistant United States Attorney
                P.O. Box 208
                Grand Rapids, Michigan  49501-0208
                (616) 456-2404