**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

Kelly L. Stephens
Clerk

100 EAST FIFTH STREET, ROOM 540
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

Tel. (513) 564-7000
www.ca6.uscourts.gov

Filed:  January 28, 2025

Ms. Bethany Nicole Baxter
Childers & Baxter
201 W. Short Street, Suite 300
Lexington, KY 40507

Ms. Erin Lane
Mr. John Jordan Schoettle
Office of the U.S. Attorney
Department of Justice
P.O. Box 208
Grand Rapids, MI 49501

　　　　　　　　Re:  Case No. 24-1043, *USA v. Carlos Watts*
　　　　　　　　　　　Originating Case No. : 1:23-cr-00039-1

Dear Counsel,

　　The Court issued the enclosed opinion today in this case.

　　Enclosed are the court's unpublished opinion and judgment, entered in conformity with Rule 36, Federal Rules of Appellate Procedure.

　　　　　　　　　　　　　　Sincerely yours,

　　　　　　　　　　　　　　s/Cathryn Lovely
　　　　　　　　　　　　　　Opinions Deputy

cc:  Ms. Ann E. Filkins

Enclosures

Mandate to issue

NOT RECOMMENDED FOR PUBLICATION
File Name:  25a0048n.06

Case No. 24-1043

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jan 28, 2025
KELLY L. STEPHENS, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff - Appellee, | ) |
| | ) |
| v. | ) ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN |
| CARLOS VANCE WATTS, JR., | ) |
| Defendant - Appellant. | ) OPINION |
| | ) |

Before:  CLAY, GIBBONS, and GRIFFIN, Circuit Judges.

JULIA SMITH GIBBONS, Circuit Judge.  After Appellant Carlos Watts ran away from a halfway house without permission, he was indicted for felony escape.  Watts initially planned to go to trial and asked for a 60-day continuance to review the evidence in his case, but the district court denied his request.  Soon after, at Watts's final pretrial conference, Watts changed his mind and decided to plead guilty.  But then Watts changed his mind again and filed a motion to withdraw his guilty plea and also accused the district judge of bias because of an alleged federal investigation into prior threats Watts had purportedly made against the judge's life.  The district court rejected Watts's motion to withdraw his guilty plea and the district judge also decided not to recuse himself from the case.  At sentencing, the district court sentenced Watts to a within-Guidelines term of 14 months in prison, which Watts completed in July 2024.  We now affirm the district court's decisions on Watts's guilty plea and his request for the judge to recuse.  We conclude that Watts

No. 24-1043, *United States v. Watts*

has waived any challenge to the denial of his motion for a continuance and dismiss Watts's sentencing appeal as moot.

**I.**

Following Watts's imprisonment for being convicted of conspiracy to possess with intent to distribute and to distribute cocaine base and possessing a firearm in furtherance of that crime, he was placed in a halfway house located in Kalamazoo, Michigan. Watts entered the halfway house on July 28, 2022, and was scheduled to be released from the halfway house on April 26, 2023. As part of Watts's placement, he was placed on electronic monitoring.

On December 10, 2022, Watts was residing in the halfway house and employed at the Park Club of Kalamazoo. Watts's girlfriend, H.K., left home to pick up Watts from work and she was never seen or heard from again. The next day, investigators discovered H.K.'s vehicle, abandoned on the side of the road, with her blood on the front and back seat. About a half mile away, officers found women's clothing belonging to H.K. in a field, later found to contain the DNA of H.K. and Watts. The next day, December 11, 2022, Watts called the police to make a harassment complaint against H.K.'s brother, Tim Kelley. Kelley had messaged Watts a picture of an AR15 along with a video stating that he was going to kill Watts and his brother. Kelley made these threats because he believed Watts was responsible for his sister's disappearance and warned Watts in a cryptic message that his sister "better turn up."

The next day, December 12, 2022, Watts fled the halfway house and removed his electronic monitoring device sometime around then. According to Watts, he ran because he feared Kelley or other members of Kelley's gang, the Gangster Disciples, would seek him out and kill him at the halfway house. On December 14, 2022, police located Watts at a home in Michigan. Watts initially barricaded himself in the home before surrendering without incident.

No. 24-1043, *United States v. Watts*

On March 28, 2023, Watts was indicted for felony escape. Watts's case proceeded toward trial. The district court set the final pretrial conference for July 3, 2023, and the start date of the trial on July 18, 2023. On June 27, 2023, Watts filed an unopposed motion to delay the trial for 60 days because of the government's disclosure of rebuttal evidence. Watts requested further time to review the evidence and potentially retain an expert witness. The district court denied Watts's motion without prejudice, reasoning that the felony-escape charge was simple on its face and involved very little evidence. The district court noted that if it later decided to allow Watts to present an affirmative defense of justification at trial, it would reassess the motion for a continuance at the pretrial conference, as the justification defense would make the case significantly more complicated.

At the July 3 pretrial conference, the district court began by stating that the "fundamental issue we have to decide . . . [is] the justification defense and whether it goes to the jury or not, and if it does what the implications are for each side in terms of evidentiary presentations[.]" DE 45, Final Pretrial Conference Tr., Page ID 201–02. However, Watts's counsel indicated that Watts may be open to resolving this case before the conference began and asked for a brief recess. When the parties reconvened later that day, Watts's counsel indicated he was ready to enter a guilty plea. There was no plea agreement. Watts was sworn in, and after a plea colloquy where Watts was advised of his rights, the court confirmed that Watts's plea was knowing, intelligent, voluntary, and proper. Although the court acknowledged that Watts appeared to be stressed and emotional at times, the court was satisfied that he was competent to plead guilty. The court confirmed that Watts understood that if he pleaded guilty, all that would be left for the court to do would be sentencing. The court also confirmed the facts of the charged conduct, and Watts admitted to cutting his tracking device and leaving the halfway house on December 12 without permission.

No. 24-1043, *United States v. Watts*

A few days later, however, Watts submitted a letter to the district court stating that he wanted to withdraw his guilty plea because it was allegedly entered when he was not in the right state of mind.  In a separate letter, Watts asked for new counsel, claiming his lawyer had been ineffective in advising him to plead guilty.

Watts's counsel then moved to withdraw.  The court held a hearing on and granted the motion.  The district court also advised Watts that he could discuss with his new counsel his decision to withdraw his guilty plea.  Right before the hearing concluded, Watts asked for a change of venue, asserting that there was an ongoing federal investigation against him for alleged threats he made against the district court judge's life.  The district court judge responded that he had never heard of these threats or the investigation, and thus, there was no reason for him to consider recusing himself from the case.

In another letter submitted to the court in early August 2023, Watts reiterated his argument that he should be allowed to withdraw his guilty plea.  Watts again mentioned the supposed federal investigation into threats he had made against the district court judge's life but assured the court that the allegations against him were false.

Watts, with his new counsel, moved to withdraw his guilty plea.  After a hearing, the district court rejected the motion, finding that Watts failed to show a fair and just reason for withdrawing his guilty plea.  In reaching this conclusion, the district court balanced the seven factors that this Circuit considers in determining whether a defendant has shown a fair and just reason for withdrawal.  The district court noted that the short length of time between Watts's guilty plea and his decision to withdraw, as well as the lack of prejudice to the government favored withdrawal of the plea, but that all other factors pointed the other way.  The district court found that Watts pleaded

No. 24-1043, *United States v. Watts*

guilty on his own free will, was alert and well informed about his decision, had multiple times admitted he was guilty spontaneously, and had ample experience in the criminal justice system.

While awaiting sentencing on the felony-escape conviction, Watts was charged with murdering H.K. in Michigan state court.

The district court calculated Watts's Sentencing Guidelines range at 8 to 14 months of imprisonment for Watts's felony-escape conviction and then imposed a 14-month term in prison. The district court also imposed a supervised-release term of three years, the statutory maximum. *See* 18 U.S.C. § 3583(b)(2).  Watts did not object.  Watts now appeals the district court's judgment.

According to the parties, Watts was released from prison after serving his federal sentence on July 12, 2024, and is now in state custody pending his murder charges.

## II.

Watts asserts four arguments on appeal.  He argues that the district court erred when it (1) denied his motion to withdraw his guilty plea, (2) denied his motion for a continuance, (3) failed to recuse itself for bias, and (4) sentenced Watts to 14 months in prison.  We now hold that the district court did not abuse its discretion in denying Watts's motion to withdraw his guilty plea. And because Watts's guilty plea was valid, he has waived any challenges to the district court's decision to deny his motion for a continuance.  While we leave open whether Watts could waive the district judge's decision not to recuse himself after Watts pleaded guilty, Watts failed to establish that an objectively reasonable person would question the district judge's impartiality in his case.  Finally, because Watts's conviction was valid and he has already served his sentence, Watts's sentencing appeal is moot.

## A.

No. 24-1043, *United States v. Watts*

Under the Federal Rules of Criminal Procedure, a defendant may withdraw a guilty plea after the court accepts the plea but before the defendant is sentenced if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B) . "A defendant does not have an absolute right to withdraw a guilty plea and bears the burden of proving that he is entitled to withdraw his guilty plea." *United States v. Ellis*, 470 F.3d 275, 280 (6th Cir. 2006). And generally, when a defendant enters a knowing and voluntary guilty plea during a hearing where he acknowledged committing the crime, "the occasion for setting aside a guilty plea should seldom arise." *United States v. Benson*, 639 F.3d 723, 727 (6th Cir. 2011) (internal quotation marks omitted). In the Sixth Circuit, there is a seven-factor balancing test that helps district courts decide whether to allow a defendant to withdraw his plea. *United States v. Haygood*, 549 F.3d 1049, 1052 (6th Cir. 2008). These factors—known as the *Bashara* factors—are:

> (1) the amount of time that elapsed between the plea and the motion to withdraw it; (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; (3) whether the defendant has asserted or maintained his innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the defendant's nature and background; (6) the degree to which the defendant has had prior experience with the criminal justice system; and (7) potential prejudice to the government if the motion to withdraw is granted.

*Id.* (quoting *United States v. Bashara*, 27 F.3d 1174, 1181 (6th Cir. 1994)). No individual factor controls, and the list is not exhaustive. *Id.* We review the district court's decision to deny Watts's motion to withdraw his guilty plea for abuse of discretion. *See United States v. Dixon*, 479 F.3d 431, 436 (6th Cir. 2007).

In rejecting Watts's attempt to withdraw his guilty plea, the district court did not abuse its discretion. Prior to Watts's guilty plea, the district court made sure that Watts was aware of his rights. *See United States v. Martin*, 668 F.3d 787, 796 (6th Cir. 2012). Throughout the proceedings, Watts also reaffirmed his guilt without prompting. *See id.*; *see also United States v.*

- 6 -

No. 24-1043, *United States v. Watts*

*Carson*, 32 F.4th 615, 624 (6th Cir. 2022). And finally, Watts's extensive criminal record showed that he was no stranger to the criminal justice system. *See United States v. Goddard*, 638 F.3d 490, 495 (6th Cir. 2011). While the court also noted that Watts's quick turnaround for his withdrawal of the guilty plea and the limited prejudice against the government for a withdrawal somewhat favored Watts, it was not an abuse of discretion for the court to ultimately weigh all the factors to determine that Watts had not satisfied his burden of proof to withdraw his guilty plea.

Still, Watts responds that the district court abused its discretion because (1) his guilty plea was hastily entered while he was under extreme distress, and (2) the district court inaccurately referenced a video that it claimed showed Watts cutting off his tracking monitor; the video did not exist. As for the first issue, Watts was the one who initially requested a change-of-plea hearing instead of the final pretrial conference. Watts entered his plea after being carefully told the consequences of his actions, discussing the issue with his lawyer, and assuring the court that he was pleading guilty on his own volition. *See United States v. Davis*, 796 F. App'x 886, 889 (6th Cir. 2019). While Watts was visibly distressed during the plea colloquy, the type of stress a defendant faces when pleading guilty is normal and not necessarily indicative of coercion. *See United States v. Evans*, 406 F. App'x 946, 950 (6th Cir. 2011) ("[D]efendant doubtless experienced considerable stress and anxiety, but this is not the sort of 'coercion' that undermines the voluntariness or integrity of his plea.") .

As for the second issue, the district court referenced the phantom videotape twice in its rejection of Watts's withdrawal. The first was in Watts's *favor* as support for the idea that the government would not be prejudiced by a withdrawal of his guilty plea. The second was as one *of several* pieces of evidence to demonstrate that Watts did not maintain his actual innocence in court. Putting aside the video, the district court still rightly noted in Watts's case that there was "no real

No. 24-1043, *United States v. Watts*

question about the basic elements of the escape." DE 55, Mot. To Withdraw Tr., Page ID 288. So, ultimately, any reference to the video was harmless error at worst. *See Haygood*, 549 F.3d at 1053.

Watts also adds that the district court erred in rejecting his request for an evidentiary hearing on his motion to withdraw his guilty plea. Watts claimed he needed the evidentiary hearing to better articulate the reasons for which he was pressured to plead guilty. But the district court rightly noted that the type of evidence Watts wanted to produce was essentially a repeat of the plea colloquy. Nor has Watts offered any basis to collaterally attack his previous sworn statement that he was entering his plea voluntarily. *See United States v. Spencer*, 836 F.2d 236, 241 (6th Cir. 1987). Indeed, Watts still does not indicate what sort of evidence he would even seek to provide in an evidentiary hearing.

**B.**

Watts pleaded guilty without a plea agreement, and "[a] voluntary and unconditional guilty plea waives all non-jurisdictional defects in the proceedings." *United States v. Ormsby*, 252 F.3d 844, 848 (6th Cir. 2001). Watts's motion for a continuance under the Speedy Trial Act is a standard, non-jurisdictional motion committed to the discretion of the district court. *See United States v. Turner*, 615 F. App'x 264, 271 (6th Cir. 2021) ; *United States v. Pickett*, 941 F.2d 411, 416–17 (6th Cir. 1991). Therefore, Watts's appeal of the denial of the continuance is waived.

**C.**

Watts also accuses the district judge of being biased against him because he was being investigated for alleged threats that he purportedly made against the judge. Therefore, Watts contends that the judge should have recused himself from his case. Although not cited by Watts originally when he accused the district court of bias, Watts now points to two statutes as justifying

No. 24-1043, *United States v. Watts*

recusal: 28 U.S.C. §§ 144 and 455(a).  As for § 144, that statute required Watts to file an affidavit before the district court stating the facts and reasons he believed the judge would be biased or prejudiced against him.  *Id.* § 144.  Watts failed to comply with that statute and can no longer rely on it.  *See Youn v. Track, Inc.*, 324 F.3d 409, 423 (6th Cir. 2003) ("Recusal is never granted without the affidavit.") .

The other statute Watts relies on, § 455(a),  mandates that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  28 U.S.C. § 455(a); *see also Kingdomware Techs., Inc. v. United States*, 579 U.S. 162, 171 (2016)  ("The word 'shall' usually connotes a requirement.") .  "[T]he question is whether, given the facts, an objective reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits."  *Garrett v. Ohio State Univ.*, 60 F.4th 359, 369 (6th Cir. 2023) (internal quotation marks omitted).  "The standard is an objective one," so the judge does not need to recuse himself based on the subjective views of a party.  *United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990).  Furthermore, the judge does not need to accept as true any of the allegations made by the party seeking his recusal.  *Garrett*, 60 F.4th at 368.  Judges are presumed to be impartial and the "substantial burden" to prove otherwise is on the party seeking the judge's recusal.  *Scott v. Metro. Health Corp.*, 234 F. App'x 341, 352 (6th Cir. 2007) .  We review the district court's decision to deny Watts's recusal motion for abuse of discretion.  *See United States v. Jamieson*, 427 F.3d 394, 405 (6th Cir. 2005).

As an initial note, the government contends that, similar to Watts's challenge of the district court's decision to deny his motion for a continuance, the district court judge's decision to not recuse himself from the proceedings is non-jurisdictional and therefore any appeal of its decision was waived by Watts when he pleaded guilty.  The issue of whether an argument under § 455(a)

- 9 -

No. 24-1043, *United States v. Watts*

is waived by a defendant's guilty plea is an issue of first impression in this circuit.  The Fifth,

Tenth, and Eleventh circuits have ruled that an appeal of the denial of motion for recusal under

§ 455(a) is waived when a defendant enters a guilty plea.  *See United States v. Hoctel*, 154 F.3d

506, 507–08 (5th Cir. 1998); *United States v. Gipson*, 835 F.2d 1323, 1324–25 (10th Cir. 1988);

*United States v. Patti*, 337 F.3d 1317, 1320–22 (11th Cir. 2003).  The First and Second Circuits

have held the opposite.  *See United States v. Chantal*, 902 F.2d 1018, 1021 (1st Cir. 1990),

*abrogated on other grounds by Liteky v. United States*, 510 U.S. 540 (1994); *United States v.*

*Brinkworth*, 68 F.3d 633, 638 (2d Cir. 1995).

But we need not, and should not, decide this issue here because Watts has failed to present

any evidence to justify the need for the district court's recusal.  *See United States v. Jones*, 718 F.

App'x 181, 184 (4th Cir. 2018)  (per curiam) (recognizing the circuit split but stating that even if

the defendant "could not waive the recusal issue, we discern no abuse of discretion in the district

court's denial of [the defendant's] recusal motion" (citation omitted)); *United States v. Swallers*,

897 F.3d 875, 877 n.2 (7th Cir. 2018)  ("We need not weigh on [the circuit split], however, because

we ultimately conclude that Judge Young did not need to recuse himself.").

Watts bears the burden to show that the judge was biased, *Scott*, 234 F. App'x at 352, and

the only evidence of bias Watts presents is his unsupported allegation that there is a federal

investigation against him for threatening the judge, *see Sammons*, 918 F.2d at 598 ("We find these

unsupported allegations wholly insufficient to implicate the recusal statutes.") .  Even if Watts had

presented evidence of the alleged threats, that would not be enough on its own because the fact

that a defendant threatens a judge, by itself, is not enough to disqualify that judge from the

proceeding. *See United States v. Tolbert*, 459 F. App'x 541, 543–45 (6th Cir. 2012); *United States*

*v. Mattison*, No. 90-6119, 1991 WL 213760, at *2 (6th Cir. Oct. 23, 1991) (per curiam).  And

No. 24-1043, *United States v. Watts*

regardless, the judge in this case was not aware of the alleged threats, further suggesting that recusal was not warranted.  Given the record, the district judge did not abuse his discretion in not recusing himself from Watts's case.

## D.

Finally, Watts challenges the procedural reasonableness of his 14-month sentence based on the district court's alleged reliance on clearly erroneous facts.  *See Gall v. United States*, 552 U.S. 38, 51 (2007).  However, as Watts himself acknowledges, he has served out his federal prison sentence on felony escape and has already been released from federal custody.  While Watts's underlying challenge of the validity of his guilty plea is not moot because of the continuing collateral consequences of his conviction, that is not the case for his remaining challenge to his sentence.  *See Spencer v. Kemna*, 523 U.S. 1, 7–8 (1998).  Because Watts's guilty plea was valid and because Watts has served his sentence, his request for relief challenging his term of imprisonment is now moot.[1]  *See Demis v. Sniezek*, 558 F.3d 508, 512–13 (6th Cir. 2009); *United States v. Goldberg*, 239 F. App'x 993, 994 (6th Cir. 2007) .

## III.

For the reasons discussed, we affirm the district court's denial of Watts's motion to withdraw his guilty plea, the denial of Watts's motion for a continuance, and the district judge's decision to not recuse himself from Watts's case.  We also dismiss Watts's sentencing appeal as moot.

---

[1] We note, however, that because Watts has still not served his *supervised*-release term, his appeal would not be moot to the extent he would seek to reduce or vacate that term of his sentence. *See United States v. Solano-Rosales*, 781 F.3d 345, 355 (6th Cir. 2015). But before this court, Watts challenges his 14-month sentence only, which he has already served and from which he can obtain no relief.

- 11 -

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

No. 24-1043

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

    v.

CARLOS VANCE WATTS, JR.,

    Defendant - Appellant.

<div style="border:1px solid black">

**FILED**

Jan 28, 2025

KELLY L. STEPHENS, Clerk

</div>

Before:  CLAY, GIBBONS, and GRIFFIN, Circuit Judges.

# JUDGMENT

On Appeal from the United States District Court
for the Western District of Michigan at Grand Rapids.

THIS CAUSE was heard on the record from the district court and was submitted on the briefs without oral argument.

IN CONSIDERATION THEREOF, it is ORDERED that the appeal is DISMISSED AS MOOT IN PART, and the judgment of the district court is otherwise AFFIRMED.

**ENTERED BY ORDER OF THE COURT**

_Kelly L. Stephens_

Kelly L. Stephens, Clerk